**Diane GAWRYSH, Plaintiff,**

v.

**CNA INSURANCE COMPANIES,
Defendant.**

No. 96 C 8356.

United States District Court,
N.D. Illinois,
Eastern Division.

Sept. 15, 1997.

Ashley S. Rose, Law Offices of Ashley S. Rose, Glen Ellyn, IL, for plaintiff.

Carol Proctor, Hinshaw & Culbertson, Chicago, IL, for defendant.

## MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

Ms. Gawrysh brought suit against the CNA Insurance Companies in Illinois state court under Section 155 of the Illinois Insurance Code seeking recovery of total disability benefits, attorney fees, and other monies. 215 ILCS 5/155. CNA Insurance Companies removed the case to federal court pursuant to the Employee Retirement Income Security Act (ERISA). 29 U.S.C. § 1001. CNA Insurance Companies now moves to dismiss the complaint. For the following reasons, the motion is granted.

### Background

For several years, Ms. Gawrysh worked as an employee of the Boise Cascade Corporation ("Boise Cascade"). As an employee of Boise Cascade, Ms. Gawrysh was entitled to long-term disability insurance benefits. Boise Cascade provided these benefits through a contract for disability insurance written by CNA Insurance Companies. Prior to November 11, 1994, Ms. Gawrysh contracted both "chronic fatigue syndrome" and a severe sinus problem. The sinus problem required multiple surgeries and Ms. Gawrysh continues to suffer from these medical mala-

dies. CNA Insurance Companies denied Ms. Gawrysh's claim for long-term disability benefits. Ms. Gawrysh appealed her denial of benefits, but her appeal was rejected by CNA Insurance Companies' Appeals Committee. This litigation followed.

Ms. Gawrysh claims CNA Insurance Companies vexatiously and unreasonably failed and refused to award her the long-term disability insurance benefits to which she is entitled. She seeks back benefits, continuing benefits, attorney's fees, costs, and other unspecified amounts. The issue presently before me on this motion to dismiss is whether Ms. Gawrysh's claim under the Illinois Insurance Act is preempted by ERISA and if so, whether this court should abstain from hearing this case.

### Preemption of Illinois Insurance Act by ERISA

Section 514(a) of ERISA provides that ERISA "shall supersede any and all State laws insofar as [the state law] may now or hereafter relate to any employee benefit plan...." 29 U.S.C. § 1144(a). If a state law falls within the scope of Section 514(a), it may still be valid if it comes within ERISA's "savings clause," which states ERISA will not preempt any state law "which regulates insurance, banking, or securities." 29 U.S.C. § 1144(b)(2)(A).[1] Section 155 must be examined to determine if it is preempted by Section 514(a) and if so, whether it may be "saved."

■ The determination of whether a state law is preempted by Section 514(a) requires a two-step analysis: 1) There must be an employee welfare benefit plan, and 2) the state law must "relate to" the employee benefit plan. *Buehler Ltd. v. Home Life Insur-*

*ance Company,* 722 F.Supp. 1554, 1558 (N.D.Ill.1989).

■ A welfare benefit plan must meet five requirements. It must be: "(1) a plan, fund or program, (2) established or maintained, (3) by an employer or by an employee organization, or by both, (4) for the purpose of providing medical, surgical, hospital care, sickness, accident, disability, death, unemployment or vacation benefits ... (5) to participants or their beneficiaries." *Ed Miniat, Inc. v. Globe Life Ins. Group, Inc.,* 805 F.2d 732, 738 (7th Cir.1986). In the instant case, Boise Cascade provided employees with a Summary Plan Description ("SPD") which described the Corporation's long term disability insurance plan.[2] (Def.Ex.A1). The plan, which was purchased from CNA Insurance Companies, provided long term disability insurance for all active, salaried employees of Boise Cascade. (Def.Ex.B1). Ms. Gawrysh admits, in her complaint, that as a result of her employment with Boise Cascade she was entitled to long-term disability insurance benefits and that Boise Cascade provided such benefits to her by a contract with CNA Insurance Companies.[3] (Complaint ¶ 3). Based on the above evidence, Boise Cascade has established a long term disability insurance plan for its employees that falls within Section 514(a) of ERISA.

■ The second preemption prong of Section 514(a) requires the state law to "relate to" the employee benefit plan. *Buehler Ltd.,* 722 F.Supp. at 1558. The "relate[s] to" phrase should be given a "broad common-sense meaning." *Metropolitan Life Ins. Co. v. Massachusetts,* 471 U.S. 724, 739, 105 S.Ct. 2380, 2389, 85 L.Ed.2d 728 (1985). Accordingly, a state law "relate[s] to" a benefit plan "in the normal sense of the phrase, if it has a connection with or reference to such a plan."

1. The "savings clause" itself is restricted by ERISA's "deemer clause," which states "an employee benefit plan ... shall [not] be deemed to be an insurance company ... for purposes of any law of any State purporting to regulate insurance companies [or] insurance contracts...." 29 U.S.C. § 1144(b)(2)(B).

2. The SPD includes sections on: Your ERISA Rights; Your Right to Examine Plan Documents; Duties of Plan Administrators Under ERISA; How to Appeal the Denial of a Claim; Assurance of Your ERISA Rights; Assistance With Your Rights; and Company Support for Your ERISA Rights. (Def.Ex.A1 at 4, 35–37).

3. Plaintiff's complaint further states that she submitted a long term disability claim to CNA Insurance Companies and then appealed her denial of benefits, indicating both a general welfare plan and Ms. Gawrysh's use of the ERISA procedures set forth in the SPD. (Complaint ¶¶ 7–11).

*Shaw v. Delta Air Lines; Inc.* 463 U.S. 85, 97, 103 S.Ct. 2890, 2900, 77 L.Ed.2d 490 (1983). Every court in the Northern District of Illinois that has addressed the issue has found Section 155 of the Illinois Insurance Act, which provides remedies for vexatious and unreasonable delays in claim processing, "relate[s] to" an ERISA plan. *Lutheran Gen. Hosp. v. Massachusetts Mut. Life Ins. Co.,* No. 95 C 2504, 1996 WL 124449, at *3 (N.D.Ill. Mar.12, 1996); *Goodhart v. Benefit Trust Life Ins. Co.,* No. 90 C 5110, 1990 WL 205821, *3 (N.D.Ill. Nov.29, 1990); *Buehler Ltd.,* 722 F.Supp. at 1560–61. Section 155 certainly "relate[s] to" Boise Cascade's plan since Ms. Gawrysh is using Section 155 in an attempt to recover for denial of an insurance claim under the plan. Given the precedent and the broad sweep of Section 514(a) of ERISA, Ms. Gawrysh's claim will be preempted unless it falls within ERISA's "savings clause."

 A state law will only be redeemed under the "savings clause" if all prongs of a three-part test are met: (1) a commonsense interpretation of the state law must suggest it regulates insurance, (2) the state law must regulate the "business of insurance" as defined by case law interpreting the McCarran–Ferguson Act and, (3) allowing the state claim to proceed would not undermine ERISA's civil enforcement procedures. *Goodhart,* 1990 WL 205821 at *3–4; *Buehler Ltd,* 722 F.Supp. at 1558–59. Section 155 provides remedies for vexatious and unreasonable delays in insurance claim processing. A commonsense interpretation of Section 155 suggests it regulates insurance and thus the first prong of the "savings clause" test is met.

 The McCarran–Ferguson prong of the "savings clause" test has three elements: (1) whether the state law has the effect of transferring or spreading policyholder risk; (2) whether the state law is an integral part of the policy relationship between the insurer and the insured; and (3) whether the state law is limited to entities within the insurance industry. *Goodhart,* 1990 WL 205821 at *3; *Buehler Ltd,* 722 F.Supp. at 1559. Courts have differed over whether Section 155 meets this part of the "savings clause" test. In

*Buehler Ltd.,* the court found Section 155 did not "regulate the substantive content of insurance contracts," and thus it failed to spread policyholder risk and was not an integral part of the policy relationship between the insurer and insured. 722 F.Supp. at 1561. *Accord Lutheran Gen. Hosp., Inc.,* 1996 WL 124449 at *4; *Iseda v. John Alden Life Ins. Co.,* 1992 WL 91944, at *3 (N.D.Ill. April 30, 1992). In *Goodhart,* the court found section 155 encouraged insurance companies to settle claims in a timely fashion and thus was an integral part of the policy relationship between the insurer and the insured. 1990 WL 205821 at *5. While the *Goodhart* court admitted Section 155 did not satisfy prong 1 of the McCarran–Ferguson test, the court did not find any one factor dispositive and consequently found Section 155 satisfied the second part of the "savings clause" test.

I need not weigh in on this split of opinion. Regardless of whether Section 155 satisfies the McCarran–Ferguson test, it quite clearly fails the third part of the "savings clause" test. Allowing a state law claim to proceed under Section 155 would undermine ERISA's enforcement procedures. Section 1132(a) of ERISA provides an extensive list of remedies available to a person claiming improper processing of a claim for benefits under an ERISA-regulated plan. 29 U.S.C. § 1132(a). A participant under a plan may sue under Section 1132(a) to "recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1131(a)(1)(B). As noted by the Supreme Court, "[r]elief may take the form of accrued benefits due, a declaratory judgment on entitlement to benefits, or an injunction against a plan administrator's improper refusal to pay benefits." *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 53, 107 S.Ct. 1549, 1556, 95 L.Ed.2d 39 (1987). Additionally, a court, in its discretion, may award attorney's fees to either party. *Id.* The Supreme Court recognized:

> [T]he detailed provisions of [Section 1132(a) ] set forth a comprehensive civil enforcement scheme that represents a careful balancing of the need for prompt

and fair claims settlement procedures against the public interest in encouraging the formation of employee benefit plans. The policy choices reflected in the inclusion of certain remedies and the exclusion of others under the federal scheme would be completely undermined if ERISA-plan participants and beneficiaries were free to obtain remedies under state law that Congress rejected in ERISA. 'The six carefully integrated civil enforcement provisions found in [Section 1132(a)] ... provide strong evidence that Congress did not intend to authorize other remedies that it simply forgot to incorporate expressly.'

*Id.* at 54, 107 S.Ct. at 1556 (*quoting Massachusetts Mut. Life Ins. Co. v. Russell,* 473 U.S. 134, 146, 105 S.Ct. 3085, 3092, 87 L.Ed.2d 96 (1985) (emphasis in original)).

Given ERISA's exclusive remedies as enunciated in *Pilot,* Section 155 fails the third part of the "savings clause" test. This comports with all precedent in this district. *Milano v. Connecticut Gen. Life Ins. Co.,* No. 92 C 1606, 1992 WL 168801, at *4 (N.D.Ill. July 13, 1992); *Casey v. Uddeholm Corp.,* No. 92 C 2156, 1992 WL 122951, at *2 (N.D.Ill. May 28, 1992); *Iseda,* 1992 WL 91944 at *4; *Goodhart,* 1990 WL 205821 at *6; *Buehler Ltd.,* 722 F.Supp. at 1562. Accordingly, Section 155 is preempted.

### Abstention

■ Ms. Gawrysh argues that even if Section 155 is preempted by ERISA, I should abstain from hearing this case for two reasons: 1) there is no ERISA plan, and 2) state courts have concurrent jurisdiction under ERISA and thus public policy requires abstention in accord with *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). As noted above, Boise Cascade has provided a general welfare plan and thus, even if abstention was appropriate on these grounds, it would fail in this case.

In *Younger,* the Supreme Court found that, absent special circumstances, a federal court should not enjoin an ongoing state criminal proceeding. 401 U.S. at 41, 91 S.Ct. at 749. The Court based its decision on the notions of federalism and comity that underlie our dual state and federal court system. *Id.* at 44, 91 S.Ct. at 750–51. The *Younger*

doctrine has expanded to prohibit enjoining state civil proceedings where an important state interest is at stake. *New Orleans Public Serv., Inc. v. Council of City of New Orleans,* 491 U.S. 350, 109 S.Ct. 2506, 105 L.Ed.2d 298 (1989); *Moore v. Sims,* 442 U.S. 415, 99 S.Ct. 2371, 60 L.Ed.2d 994 (1979); *Trainor v. Hernandez,* 431 U.S. 434, 97 S.Ct. 1911, 52 L.Ed.2d 486 (1977). Even given the mandate of *Younger,* federal courts have a "virtually unflagging obligation to exercise the jurisdiction given them." *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 817, 96 S.Ct. 1236, 1246, 47 L.Ed.2d 483 (1976).

In the Seventh Circuit, a three-part test has evolved to determine whether abstention under *Younger* is appropriate: "(1) the judicial or judicial in nature state proceedings must be ongoing, (2) the proceedings must implicate important state interests, and (3) there must be an adequate opportunity in the state court proceeding to raise constitutional challenges." *Trust & Inv. Advisers, Inc. v. Hogsett,* 43 F.3d 290, 295 (7th Cir.1994). Mrs. Gawrysh's case was properly removed to federal court under 28 U.S.C. § 1441. There is no longer a pending state court proceeding. Since there is no state action, the instant case fails all parts of the Seventh Circuit *Younger* test. Accordingly, abstention is inappropriate.

### Conclusion

For the foregoing reasons, Section 155 of the Illinois Insurance Act is preempted by ERISA and CNA Insurance Companies' motion to dismiss is granted. Abstention is inappropriate in this case and Ms. Gawrysh's motion to abstain is denied. CNA Insurance Companies' motion to strike is denied as moot. Ms. Gawrysh's complaint is dismissed without prejudice with leave to amend the complaint consistent with this opinion.